IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JOHN STEPHEN PUGH                                            PLAINTIFF

v.                          No. 3:17-cv-297-DPM

JOHNATHON FRAZIER, Individually
and in his Official Capacity as a
Police Officer for the City of
Blytheville, Arkansas; ROSS A.
THOMPSON, Individually
and in his Official Capacity as
Chief of Police for the City of
Blytheville, Arkansas; and
CITY OF BLYTHEVILLE, ARKANSAS                                DEFENDANTS

ORDER

1. This case is about a post-arrest scuffle at the Blytheville police department.

One evening in July 2016, Blytheville Officer John Caruthers and Lieutenant Johnathon Frazier stopped John Pugh for driving in the middle of Carolyn Avenue. Pugh cooperated, allowing his car to be searched, but he failed his field sobriety tests. The officers arrested him for driving left of center, refusing a blood alcohol test, and driving while intoxicated.

At the jail, Pugh called his mother to bail him out. Pugh and Officer Caruthers had exchanged words about Pugh's arrest before the

call. № 21-4. The video from Officer Caruthers's body camera shows Pugh telling the officer to "not argue" with him over whether he refused to blow. And Pugh told his mother during the call, with both Caruthers and Frazier in the room, that the officers had "railroaded" him. *Ibid.* He was agitated.

After the call, Pugh tried to put the handset back on its receiver, missed, and the handset fell on the ground. № 21-3 at 3–4. Lieutenant Frazier told him several times to pick it up; and Pugh refused. These exchanges were salted with profanity from both men.

Things escalated. Pugh, who wasn't handcuffed, picked up his cell phone from a table in the hallway. Lieutenant Frazier grabbed his left arm. Pugh pulled it away in pain because he had a cyst on that arm. Officer Caruthers grabbed Pugh's right arm, and the officers took him to the floor. They tried to pull Pugh's arms out from under him to handcuff him, but he resisted. The Officers yelled at Pugh to submit. Officer Caruthers struck Pugh in the side with his knee trying to get to his arms. This knee strike caused a severe and painful bruise. № 33 at 2. Officer Caruthers eventually grabbed Pugh's right thumb to pull his arm out from under him. He heard and felt Pugh's thumb pop and Pugh yelled "you broke my thumb." Pugh's thumb wasn't broken, but it became badly swollen. № 33 at 3–4. The officers handcuffed Pugh. Eventually he was taken to the Mississippi County Sheriff's office. Pugh later paid his fine for driving left of center, while his other two

charges were dismissed. These are the material facts, viewed in Pugh's favor where genuinely disputed. *Rau v. Roberts*, 640 F.3d 324, 327 (8th Cir. 2011).

**2.** Pugh has pleaded several claims against Lieutenant Frazier, Police Chief Ross Thompson, and the City of Blytheville. Officer Caruthers is not a defendant. № 28. Pugh sued him in the first version of this case, which the Court dismissed without prejudice at Pugh's request. In his second complaint, Pugh didn't name Officer Caruthers. In response to the current motion for summary judgment, Pugh moved to amend and bring Officer Caruthers back in. The Court denied the request for a belated amendment: it came four months after the Final Scheduling Order's deadline for proposed amendments, № 7 *at 1*; Officer Caruthers's large role in the scuffle had been known for several years, № 27; and Pugh offered no explanation for the delay.

In his summary judgment papers, Pugh has abandoned many claims. A handful remain: excessive force by Lieutenant Frazier; failure to train and supervise by Chief Thompson; municipal liability against Blytheville; and state-law claims for assault and battery.

**3.** Pugh says the takedown at the police department was excessive and violated the Constitution. Objective reasonableness is the governing Fourth Amendment standard. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Wilson v. Spain*, 209 F.3d 713, 715–16 (8th Cir. 2000). Officer Caruthers, not Lieutenant Frazier, pulled back

-3-

Pugh's thumb and struck him in the side with his knee. № 30 at 6. Caruthers, though, isn't in the case. And the force that Lieutenant Frazier used—grabbing Pugh's arm after he refused to pick up the phone's handset—was reasonable. Pugh's cyst wasn't apparent, but his pulling away was. A reasonable officer would have seen that reaction as resistance, which Frazier did. *Crumley v. City of St. Paul, Minnesota*, 324 F.3d 1003, 1008 (8th Cir. 2003). Taking Pugh to the floor was not unreasonable in the circumstances.

In his summary judgment response, Pugh also argues that Frazier violated his clearly established rights by not intervening to protect him from Officer Caruthers's force. № 29 at 15–16. But that claim isn't pleaded in Pugh's complaint, № 2; it would thus be unfair to consider this new claim on summary judgment, and the Court declines to do so. *WireCo WorldGroup, Inc. v. Liberty Mutual Fire Insurance Company*, 897 F.3d 987, 992–93 (8th Cir. 2018). Pugh's only pleaded claim against Lieutenant Frazier fails.

**4.** Pugh's failure-to-train and failure-to-supervise claims against Chief Thompson fail, too. To get to a jury, he must show that Chief Thompson "had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). But Pugh hasn't pointed to any prior complaints about similar conduct by these or other officers.

**5.** Last is municipal liability. Even if a constitutional violation occurred, Pugh hasn't shown that a Blytheville policy or custom caused it. Contrary to Pugh's argument, the City's policy isn't inconsistent with the law. The policy requires that officers "only use reasonable force" that other well-trained officers would use in the circumstances. № 21-6 at 1–2. The policy also gives Blytheville officers options on how much force to use based on the subject's actions. № 21-6 at 3. A policy that doesn't "affirmatively sanction" unconstitutional actions isn't unconstitutional. *Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 390–91 (8th Cir. 2007) (*en banc*). And there's no proof of other instances that would amount to a custom or practice of unconstitutional force by Blytheville. *Atkinson v. City of Mountain View, Missouri*, 709 F.3d 1201, 1216 (8th Cir. 2013). Pugh's claims against the City therefore fail.

\* \* \*

The motion for summary judgment, № 19, is granted as modified. Pugh's abandoned federal claims will be dismissed without prejudice. *Satcher v. University of Arkansas at Pine Bluff Board of Trustees*, 558 F.3d 731, 734–35 (8th Cir. 2009). His remaining federal claims will be dismissed with prejudice. The Court declines to exercise jurisdiction over his state-law claims. 28 U.S.C. § 1367(c)(3); *Anderson v. Franklin County, Missouri*, 192 F.3d 1125, 1131 (8th Cir. 1999). They are dismissed without prejudice. The motion to strike, № 37, is denied without prejudice as moot. The Court didn't consider the challenged report.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 September 2019